

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stephen P. Hebert
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. O-2940
Re: Would the county treasurer
be entitled to receive and
retain as his own in addi-
tion to his fixed salary
of $1992.00 per year, the
one-fourth of 1% upon all
money received by him for a
drainage district in the
county and one-eighth of 1%
upon all money by him paid
out upon the order of said
drainage district?

The above question is taken from your letter of
November 27, upon which you request the opinion of this de-
partment.

As shown in your letter, DeWitt County's popula-
tion according to the 1930 census was 27,441, and under the
1940 Federal census, 24,972.

Certain portions of the statute known as the Of-
ficers' Salary Law, Article 3912e, Vernon's Annotated Civil
Statutes, which we deem material to your request, read in
part as follows:

"Sec. 13. The Commissioners' Court in
counties having a population of twenty thousand
(20,000) inhabitants or more, and less than one
hundred and ninety thousand (190,000) inhabitants
according to the last preceding Federal Census,
is hereby authorized and it shall be its duty to
fix the salaries of all the following named of-
ficers, to-wit: sheriff, assessors and collector
of taxes, county judge, county attorney, including
criminal district attorneys and county attorneys who

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

perform the duties of district attorneys, dis-
trict clerk, county clerk, treasurer, hide and
animal inspector. * * *"

"Sec. 3. In all cases where the Commis-
sioners' Court shall have determined that county
officers or precinct officers in such county shall
be compensated for their services by the payment
of an annual salary, neither the State of Texas
nor any county shall be charged with or pay to any
of the officers so compensated, any fee or commis-
sion for the performance of any or all of the du-
ties of their offices but such officers shall re-
ceive said salary in lieu of all other fees, com-
missions or compensation which they would otherwise
be authorized to retain; * * * provided further,
that the provisions of this Section shall not af-
fect the payment of costs in civil cases by the
State but all such costs so paid shall be account-
ed for by the officers collecting the same, as
they are required under the provisions of this
Act to account for fees, commissions and costs
collected from private parties."

Prior to the enactment of the Officers' Salary Law,
the Legislature saw fit to limit the commissions to be allowed
to any county treasurer by the provisions of Article 3943, Ver-
non's Civil Statutes, not to exceed $2,000.00 annually. Although
Section 13 of Article 3912e, was amended and more recently by
the 46th Legislature, an examination of the original Officers'
Salary Bill, Acts of 1935, 44th Legislature, 2nd Called Session,
Chapter 465, reveals that the treasurer was specifically named
therein as presently shown in Section 13. In this respect
said original act did not conflict with or repeal Articles
3941, 3942 and 3943, relating to the commissions authorized
to be received by the county treasurer.

0-988

In our opinion No. 0-988, rendered January 23, 1939,
found on page 24 of the Attorney General's Annual Report for
1939, we held that Article 3912e does not require the commis-
sioners' court to set the salary of the county treasurer at
the maximum, but that it may fix the compensation of the county
treasurer at any rate not exceeding the statutory rate and may
reduce the maximum sum to be paid to less than the statutory
sum, and that the county does not owe the treasurer the dif-

ference between the salary fixed by the commissioners' court and maximum provided by Article 3943.

Where drainage districts are created under the provisions of Chapter 7, Title 128, Vernon's Civil Statutes, by Articles 8146 and 8147, it is the mandatory duty of the county treasurer to assume the duties of the treasurer of such district and he is required to execute bond for the faithful discharge of such duties; open an account with the district and keep an accurate account of all moneys received by him belonging to such district and of all amounts paid out by him. By the provisions of Article 8148, it is provided that the treasurer shall be allowed as pay for his services as such, one-fourth of one per cent upon all money received by him for the account of such district and one-eighth of one per cent upon all money by him paid out upon the order of the district.

We are mindful of the construction given Articles 3941 - 3943 in connection with the above mentioned articles pertaining to the duties and commissions allowed the county treasurer as treasurer of a drainage district in the case of Harris County vs. Charlton, S. Ct., 243 S. W. 459, affirming judgment of the Court of Civil Appeals, Charlton vs. Harris County, 228 S. W. 969, in the light of and in connection with the maximum fee bill previously to the enactment of the Officers' Salary Law. Under the holding in that case, the treasurer would be authorized to retain such additional fees allowed him under the provisions of Article 8148. Since the enactment of the Officers' Salary Law and as expressed in Section 3, supra, with the treasurer expressly named therein, it is apparent that the Legislature intended the county treasurer to receive his salary in lieu of all other fees, commissions or compensations which he would otherwise be authorized to retain, with such commissions allowed him by any drainage district to be placed in the officers' salary fund. We find that such construction of the Officers' Salary Law relative to the commissions allowed the county treasurer under the provisions of Article 8148, Vernon's Civil Statutes, has been followed by this department dating from its original enactment.

Article 3912e-2, subsection (e) referred to in your letter, applies only to counties where the population is in excess of 355,000 according to the last preceding or any future Federal census, consequently it does not apply to your county. It might be interesting to note, however, that since the enactment of the original Officers' Salary Law, the

Honorable Stephen P. Hebert, page 4

Legislature has dealt with the county treasurer in certain counties, separately from other county officers in that although Article 3912e-2 underwent two amendments by the Legislature, not until the enactment of House Bill 874 by the 46th Legislature, Chapter 11, found in the Special Laws of Texas, page 607, now appearing as Subsection (e) to which you refer, does the provision appear which reads "Where such treasurer acts also as treasurer of any navigation and drainage districts, he shall receive and be entitled to retain such compensation from such districts as is provided by Articles 8221 and 8148, Revised Civil Statutes of Texas, 1925."

It is therefore the opinion of this department that where the commissioners' court has set and fixed the salary of the county treasurer under the provisions of the Officers' Salary Law, Section 13, Article 3912e, Vernon's Civil Statutes, the treasurer is not entitled to retain as his own, commissions allowed him under the provisions of Article 8148 of said statutes but same should be paid into the officers' salary fund from which he draws his salary.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    Wm. J. R. King
                      Assistant

WJRK:EP

APPROVED DEC 16, 1940

ATTORNEY GENERAL OF TEXAS

